UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OMARI JUMAPILI, | ) |
| | ) CASE NO. C13-1026-RSL-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| ICE FIELD OFFICE DIRECTOR, | ) |
| | ) |
| Respondent. | ) |
| | ) |

I. INTRODUCTION AND SUMMARY CONCLUSION

On June 13, 2013, petitioner Omari Jumapili, an alien in the custody of the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention and seeking supervised release or a bond hearing. (Dkt. 1.) Respondent has filed a motion to dismiss, arguing, *inter alia*, that petitioner is not entitled to habeas relief because he was already provided a bond hearing before an Immigration Judge and was granted release on bond. (Dkt. 6.)

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION
PAGE -1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Tanzania who was admitted to the United States on March 23, 2008, as an immigrant. (Dkt. 6, Exh. A at 31-38.) On November 2, 2012, petitioner was taken into immigration custody and detained without bond. (Dkt. 6, Exh. A at 27, 57.) Petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct. (Dkt. 6, Exh. A at 55-56.)

On January 28, 2013, petitioner received a bond redetermination hearing before an Immigration Judge. (Dkt. 6, Exh. A at 26, 54.) The Immigration Judge refused to set a bond amount, indicating that she lacked jurisdiction to redetermine petitioner's custody under 8 C.F.R. § 1003.19(h)(2)(i)(D) because petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c)(1). (Dkt. 6, Exh. A at 52-54.) Petitioner appealed the Immigration Judge's bond decision to the Board of Immigration Appeals ("BIA"), which affirmed the decision on April 30, 2013. (Dkt. 6, Exh. A at 24.)

On May 9, 2013, petitioner renewed his motion to redetermine his custody status pursuant to *Rodriguez-Robbins v. Holder*, 715 F.3d 1127 (9th Cir. 2013) (requiring a bond hearing for aliens in the Central District of California who have been in custody for 180 days pursuant to 8 U.S.C. § 1226(c) or 8 U.S.C. § 1225(b)). (Dkt. 6, Exh. A at 15, 22.) ICE also filed a motion on May 14, 2013, requesting that petitioner receive another bond hearing based on the injunction in *Franco-Gonzalez v. Holder*, Case No. CV 10-02211 DMG (DTBx) (C.D. Cal. April 23, 2013) (holding that aliens are entitled to a bond hearing after 180 days in detention).

01   On May 30, 2013, the Immigration Judge conducted a new bond hearing based on the
02 injunction in *Franco-Gonzalez*. (Dkt. 6, Exh. A at 14-17, 41-44.) The Immigration Judge
03 found that the Department of Homeland Security ("DHS") had failed to meet its burden of
04 proving that continued detention was justified, and ordered petitioner released under bond of
05 $6,000. *Id*. Petitioner appealed the Immigration Judge's bond decision to the BIA. (Dkt. 6,
06 Exh. A at 2-12.) His appeal is currently pending. (Dkt. 6 at 4, Exh. A at 44.)

07   On June 13, 2013, petitioner filed the instant habeas petition, seeking supervised release
08 or another bond hearing. (Dkt. 1.) On June 16, 2013, petitioner filed another motion for bond
09 redetermination. The Immigration Judge denied the motion on June 20, 2013, finding
10 petitioner had failed to demonstrate a material change in circumstances since the prior bond
11 hearing in accordance with 8 C.F.R. § 1003.19(e). (Dkt. 6, Exh. A at 44.) On July 25, 2013,
12 respondent filed a motion to dismiss. (Dkt. 6.) Petitioner did not file a reply.

13   III.   DISCUSSION

14   A.   Jurisdiction

15   Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district
16 court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the
17 Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court
18 has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the
19 petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or
20 treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490
21 (1989). The Court has habeas jurisdiction under § 2241 because petitioner was detained within
22 its jurisdiction at the time he filed his petition, and he asserts that his detention is unlawful.

In addition, review is not precluded by petitioner's failure to exhaust his administrative remedies by appealing the Immigration Judge's bond decision to the BIA and awaiting the BIA's decision. "[Section 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *overruled on other grounds by Fernandez–Vargas v. Gonzales*, 548 U.S. 30 (2006). Nevertheless, the Ninth Circuit requires, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Id.*; *see also Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). Courts may require prudential exhaustion if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003).

Here, exhaustion of petitioner's appeal to the BIA on the issue of bond is not required because (1) the BIA record and expertise on this issue is not necessary to generate a proper record and reach a proper decision, (2) this waiver will not encourage future habeas petitioners to attempt to bypass administrative review, and (3) a review of this issue by the BIA would not preclude the need for judicial review. Accordingly, the interests of justice require waiver.

B.  <u>Pre-Removal Period Detention</u>

Title 8 U.S.C. § 1226(a) provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion

of removal proceedings. *See id*. Section 1226(a) provides, in part, as follows:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>     (B) conditional parole . . .

8 U.S.C. § 1226(a).

After an alien is arrested and taken into immigration custody, the local ICE office makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1(c)(8), 236.1(d). After the initial custody determination, the alien may request a bond redetermination by an Immigration Judge. *See* 8 C.F.R. § 236.1(d). The alien may also appeal the Immigration Judge's bond determination to the BIA. *See* 8 C.F.R. § 236.1(d)(3). Once an Immigration Judge has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)). An Immigration Judge may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United

States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. at 40.

In this case, the record shows that petitioner was afforded a bond redetermination hearing before an Immigration Judge and was provided the opportunity to submit evidence in support of his release. In determining whether petitioner was entitled to bond, the Immigration Judge properly considered the factors set forth in *Matter of Guerra*, including petitioner's length of residence in the United States, petitioner's family ties, petitioner's potential available relief from removal, petitioner's employment history, and petitioner's criminal history. (Dkt. 6, Exh. A at 14-17, 41-44.) Additionally, petitioner exercised his right to appeal the Immigration Judge's decision to the BIA. (Dkt. 6, Exh. A at 2-12.) Accordingly, the Court finds no procedural deficiencies in the bond proceedings.

It is well established that the Court lacks habeas jurisdiction to review the Attorney General's discretionary decision under 8 U.S.C. § 1226(e), including the amount of bond set by an Immigration Judge. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, see § 1226(e)."). That provision provides, "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the

grant, revocation, or denial of bond or parole." 8 U.S.C. § 1236(e). Citing this provision, the Ninth Circuit has held that courts are prohibited from reviewing the reasonableness of a bond amount set by an Immigration Judge, even where the petitioner cannot afford to post it. *See Prieto-Romero*, 534 F.3d at 1067.

Although the Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority, *Gutierrez-Chavez v. INS*, 298 F.3d 824, 828 (9th Cir. 2002), petitioner fails to articulate any constitutional or statutory claim. Accordingly, the Court agrees with respondent that this action should be dismissed because petitioner has already received all of the benefits of due process to which he is entitled. As the Court can provide no other relief, petitioner's habeas petition should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 16th day of September, 2013.

Mary Alice Theiler
Chief United States Magistrate Judge